**IN THE COURT OF APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FILED**

**March 27, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | |
|---|---|
| ETTA LUCILLE LUCAS, | ) C/A NO. 03A01-9707-CV-00298 |
| | ) |
| Plaintiff-Appellee, | ) GREENE CIRCUIT |
| | ) |
| v. | ) HON. BEN K. WEXLER, |
| | ) JUDGE |
| J. L. QUINTON LUCAS, | ) |
| | ) |
| Defendant-Appellant. | ) APPEAL DISMISSED |

J. RONNIE GREER, Greeneville, for Plaintiff-Appellee.

LEROY TIPTON, JR., Greeneville, for Defendant-Appellant.

**O P I N I O N**

Franks, J.

In this divorce action the husband appeals from the divorce decree, insisting the Trial Court erred in determining the nature and extent of the parties' separate and marital property and failed to make an equitable division of the marital assets and debts between the parties.

The failure of an appellant's brief to comply with the Rules of Appellate Procedure and the Rules of this Court may be grounds for dismissal of appeal or not considering issues raised on appeal. *See Wilhite v. Brownsville Concrete Co. Inc.,* 798

S.W.2d 772 (Tenn. App. 1990); *Davis v. Hall*, 920 S.W.2d 213 (Tenn. App. 1995).

Rule 27, Tennessee Rules of Appellate Procedure, provides that the brief of the appellant shall contain "a statement of facts, setting forth the facts relevant to the issues presented for review with appropriate reference to the record:" *Id.*(6).

Under the statement of facts the appellate brief states:

> In an effort to avoid repetition and redundancy, the appellant shall make a statement of facts in the argument portion of the brief and appropriate reference shall be made to the transcript of the evidence which is designated as Volume 2 of the appellate record.

The foregoing fails to comport with the requirements of Rule 27.

Rule 15 of the Rules of the Court of Appeals provides:

> **Rule 15. Briefs in Domestic Relations Cases. -** In domestic relations appeals where the issues involve the amount or the disposition of the marital property, the appellant's brief shall contain in the statement of facts or in an appendix, an orderly tabulation of all marital property in a form substantially like the form attached hereto. All entries in the table as to value and to whom the property was awarded shall be accompanied by a citation to the record where the information may be found.
>
> If the appeal involves issues about the separate property of either party or the allocation of the marital debts, the appellant's brief shall contain a separate table in the same form showing the pertinent information for that disputed issue.
>
> If the appellee disagrees with the appellant's tabulation, the appellee's brief shall contain a tabulation in the same form showing the appellee's version of the facts.
>
> This rule shall apply to briefs filed after May 1, 1992.

| Marital Property | Appellant's Value | Appellee's Value | Value Found By Trial Court | Party To Whom Property Awarded By Trial Court |
|---|---|---|---|---|
| | | | | |

Appellant filed no appendix to his brief, and the brief contains no orderly tabulation of all marital property in the form required by the Rule, nor any tabulation as to the marital debts or separate property.

There is no attempt to comply with the Rules, nor has any reason been

2

given for failure to comply. Accordingly, we dismiss this appeal and remand at appellant's cost.

_____
Herschel P. Franks, J.

CONCUR:

_____
Don T. McMurray, J.

_____
Charles D. Susano, Jr., J.